Case 4:14-cv-00643   Document 30   Filed in TXSD on 02/22/16   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 22, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN RAY PEACE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-14-0643 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director of the Texas Department | § | |
| of Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## AMENDED MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 12). The court recommends respondent's motion for summary judgment be granted and the petition be denied with prejudice.

### Background

On March 9, 2004, a jury found petitioner Steven Ray Peace guilty of the 1988 murder of a car dealership security guard during a robbery. The court sentenced him to 45 years in prison. The Fourteenth Court of Appeals of Texas affirmed his conviction on September 20, 2005, and on September 13, 2006 the Texas Court of Criminal Appeals refused Peace's petition for discretionary review. Peace filed a state application for habeas corpus challenging his conviction on December 5, 2007. On March 7, 2014, while the state application was still pending, Peace filed this federal petition. The court stayed this case pending conclusion of the state habeas proceeding. On February 11, 2015, the Texas Court of Criminal Appeals denied the state writ application without written order on the findings

of the trial court.

**Legal Standards**

Peace's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA). Section 2254 sets forth a highly deferential standard for reviewing state court habeas rulings. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Peace is not entitled to federal habeas relief on his claims that were adjudicated on the merits in state court unless the state court adjudication:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Moreover, habeas relief is not available unless the applicant has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, the petitioner must fairly present the substance of his federal habeas claim to the highest state court. *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008).

To prevail on an ineffective assistance of counsel claim, the petitioner must prove (1) counsel's performance was deficient, and (2) resulting prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court's scrutiny of counsel's performance is highly deferential; the court presumes that counsel's conduct falls within the wide range of reasonable professional assistance. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). Defense counsel's "conscious and informed decision on trial tactics and strategy cannot be

the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

**<u>Analysis</u>**

Peace asserts seven claims for federal habeas relief. Peace's initial application asserts four claims of ineffective assistance of trial counsel based on counsel's failure to: (1) exclude evidence of an extraneous burglary offense; (2) question Brynda Abdullah about her son and her prior statement to law enforcement that her son lived with Chip Campbell; (3) impeach Abdullah with polygraph results; and (4) secure a limiting instruction regarding the hearsay statements of David Peace. In a supplemental brief filed after the state habeas court's ruling, Peace asserts three additional claims: (5) the state habeas review process was inadequate; (6) habeas counsel was inadequate for failing to raise certain ineffective assistance of trial and appellate counsel claims; and (7) multiple trial court errors had the cumulative effect of prejudicing his trial. Respondent contends that all claims are without merit and that claims 5-7 are unexhausted and procedurally defaulted as well as time-barred. The court addresses each claim in turn.

***Extraneous offense evidence***. In the state habeas proceeding, trial counsel George Parnham and Dee McWilliams testified that they pursued a trial strategy of attempting to implicate Chip and Charles Campbell in the charged murder. As part of this strategy, counsel introduced or did not object to evidence that Peace and Abdullah were part of a car theft operation with the Campbells; Peace and Abudulla were arrested in Temple, Texas in 1988

for burglary of a car dealership; a handgun was recovered from the back seat of Peace's car during the 1988 arrest; Peace and Chip used to fire that gun, as well as the murder weapon, off the back porch of the home Peace shared with Abdullah in Burton, Texas; and Peace sold the murder weapon to Chip.

In rejecting Peace's ineffective assistance of counsel claim, the state habeas court concluded that counsel made a strategic decision not to object to evidence of the extraneous burglary offense. A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). Peace argues that the decision to allow the jury to hear about the burglary offense was so outrageous that it could not be part of a reasoned strategy at all. Peace's argument is based on exactly the type of second-guessing and hindsight that *Strickland* warns against. 466 U.S. at 689. Peace has not met his burden under AEDA to overcome the state habeas court's finding that counsel's performance did not fall below an objective level of reasonableness.

***Failure to impeach Abdullah***.  The state habeas court found that trial counsel did not act in an objectively deficient manner by not questioning Abdullah about law enforcement's focus on her son as a suspect in the murder. The record reflects there was no factual basis for the assertion that anyone other than Peace was the primary focus of the investigation. The state habeas court further found that trial counsel did not act in an objectively deficient manner by not impeaching Abdullah with a prior statement that her son lived with Chip Campbell. On proffer questioning outside the presence of the jury, Abdullah testified in such

4

a way that eliminated any contradiction between her prior statement and her expected testimony. For that reason counsel declined to pursue that line of questioning. Peace has not met his burden to show that the state habeas court's ruling on these issues was unreasonable.

Peace also asserts that counsel was ineffective for failing to impeach Abdullah with a failed polygraph test. Counsel testified in the state habeas proceeding that such evidence is inadmissible for any purpose under Texas law. The state habeas court credited this testimony and found that counsel's conduct was not deficient. Again, Peace has not overcome the presumption of correctness of this finding and is not entitled to federal relief on this ground.

***Limiting instruction***. Trial counsel admitted by affidavit submitted on direct appeal that he did not request a limiting instruction related to the jury's consideration of out of court statements by David Peace, and that he believes that failure prejudiced Peace. However, counsel did object to much of the testimony and was overruled. There is no reason to conclude that the court would have granted further objections on the same ground. The state habeas court determined that the substance of David Peace's statements were not admitted during trial, and the testimony of investigating officer Stanley Oldham regarding David Peace was not admitted for only a limited purpose. The state court found that had counsel requested a limiting instruction, the trial court would not have erred in denying the request. The state court concluded that counsel's conduct was not deficient.

Peace contends that the state court's ruling is contrary to *Crawford v. Washington*, 541 U.S. 36, 52 (2001) (holding that statements made during police interrogations are testimonial

5

and barred under the confrontation clause). However, here the state habeas court did not hold that David Peace's statements to investigators themselves were not testimonial in nature, or were not hearsay. The court ruled that no out of court statements by David Peace were actually admitted in evidence, and that no limiting instruction was appropriate. Peace has not met his burden to overcome the state habeas court's ruling on this claim.

*__Inadequate state habeas process__*. Respondent argues that this claim is unexhausted and procedurally defaulted, as well as time-barred. Peace explains that his claim of inadequate state process simply "expands" on his ground 4 relating to the out of court statements of David Peace.[1] In other words, Peace alleges in ground 5 that the state habeas court did not adequately analyze his ground 4. Peace contends this claim did not exist until conclusion of state habeas review and thus cannot be procedurally defaulted or time-barred.

The court need not reach the default and time-bar issues on this claim because "infirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). In addition, Peace asserts that this is not a new claim at all, but merely a reassertion of his claim that the state court erred in rejecting ground 4 as a basis for habeas relief. As such it should be denied for the reasons discussed above.

*__Ineffective habeas counsel__*. Peace seeks relief due to his habeas counsel's failure to raise a claim (1) that his trial counsel was ineffective for not objecting to ballistics evidence; and (2) that his appellate counsel was ineffective for not raising the insufficiency of evidence

---

[1] Dkt. 25 at 9.

as an issue on appeal.

Because there is no constitutional right to counsel on state habeas proceedings, Peace cannot state a claim for relief based on ineffective assistance of habeas counsel. 28 U.S.C. § 2254(I); *Beazley v. Johnson*, 242 F.3d 248, 271 (5th Cir. 2001).

To the extent Peace does not intend to state a claim for ineffective assistance of habeas counsel, but instead intends to assert new claims of ineffective assistance of trial and appellate counsel, such claims are unexhausted and procedurally barred. *See Coleman v Thompson*, 501 U.S. 722, 735 (1991). Peace's claims do not fit into the exception carved out by *Trevino v. Thaler,* ___ U.S. ___, 133 S. Ct. 1911 (2013), and *Martinez v. Ryan,* 566 U.S. 1, 132 S. Ct. 1309 (2012), because his allegations of ineffective assistance of trial and appellate counsel are not "substantial." A claim is not substantial if it does not have any merit or is wholly without factual support, or the attorney in the initial-review collateral proceeding did not perform below constitutional standards. *Martinez,* 132 S. Ct. at 1318-19.

This claim is also time-barred. Peace's conviction became final on December 12, 2006, when his time for petitioning the Supreme Court for writ of certiorari expired. He filed his state habeas application on December 5, 2007, only about a week before expiration of his one-year federal statute of limitations. His statute of limitations was tolled during pendency of the state habeas proceeding, which concluded on February 11, 2015. The pendency of a federal petition does not toll the limitations period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Peace did not file the ineffective assistance of counsel claim described in this ground 6 in his initial federal petition. By the time he did raise it, in his supplemental brief signed

7

on April 3, 2015 and docketed on April 10, 2015, his AEDPA limitations period had expired.[2] Peace's new claims do not "relate back" to filing of the original petition. "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Mayle v. Felix*, 545 U.S. 644, 662 (2005). *See also United States v. Gonzalez*, 592 F.3d 675, 680 ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision.").

***Cumulative error***.  This ground for relief asserted in Peace's supplemental brief was not exhausted in state court and is now procedurally defaulted and time-barred for the reasons discussed above.

**Conclusion and Recommendation**

For the reasons stated above, Peace is not entitled to federal habeas relief. The court recommends that respondent's motion for summary judgment (Dkt. 24) be granted, Peace's cross-motion for summary judgment (Dkt. 25) and motion for evidentiary hearing[3] (Dkt. 20) be denied, and Peace's petition for writ of habeas corpus be denied with prejudice.

---

[2]   Peace filed a motion for leave to amend without an attached amended petition on, at the earliest, February 23, 2015 (Dkt. 17). That motion was never granted by the court, and is now denied as moot, but in any event even that motion was filed beyond his February 19, 2015 limitation deadline.

[3]   "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 476 (2007).

The parties have 14 days from service of this Amended Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on February 22, 2016.

*[signature]*
Stephen Wm Smith
United States Magistrate Judge
